UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN SARKISIAN,

    Plaintiff,

v.

    Case No. 1:25-cv-593

    HON. ROBERT J. JONKER

CITY OF VILLAGE OF DOUGLAS,

    Defendant.
_____/

## ORDER

Plaintiff Kathryn Sarkisian is a resident of the City of the Village of Douglas who wants to raise chickens in her backyard. According to the city's ordinance, after a property owner applies for permission, the city is required to mail a written notice to all adjacent property owners within ten business days of receiving the application. If no neighbor objects within twenty-one days the City Clerk may approve the application. However, if any neighbor objects, the ordinance provides that the city must deny the application with no right of appeal.

Ms. Sarkisian alleges that she applied for a permit to raise chickens on May 15, 2023, and that the city gave verbal approval on June 20, 2023. Thereafter she spent nearly twenty thousand dollars to prepare her backyard to raise chickens. However, after she incurred those costs, the city withdrew its approval when it received what Ms. Sarkisian says was a tardy objection from a neighbor. Notwithstanding the permit denial, Ms. Sarkisian has continued to raise hens in her backyard. Last fall the city stepped up its enforcement efforts and a hearing in state court is reportedly scheduled for next week.

On May 27, 2025, Ms. Sarkisian filed this federal action. In the Complaint, Ms. Sarkisian alleges that the city's failure to follow the terms of its ordinance, along with the provisions of the ordinance barring any appeal, violate the 14th Amendment's Procedural Due Process guarantee. Ms. Sarkisian also challenges the terms of the ordinance itself under the 14th Amendment's Substantive Due Process clause. She claims consent statutes, like the city's ordinance, that condition property owner's rights on neighbor approval, are an unconstitutional delegation of legislative power.

This matter is before the Court on Ms. Sarkisian's Motion for Temporary Restraining Order (ECF No. 7), filed on June 9, 2025. Under FED. R. CIV. P. 65(b), the Court may issue an *ex parte* temporary restraining order only if the Court finds that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition[,]" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." In exercising its discretion when considering a request for injunctive relief, a court must consider four factors: "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). The moving party need not win on every factor. *Id.* Instead, the factors "are to be balanced against each other." *Id.* (quotation omitted). The Court has reviewed the Complaint and motion papers and is not persuaded that Plaintiffs have made the showing Rule 65(b) requires for *ex parte* relief.

Ms. Sarkisian has provided a written declaration (ECF No. 7-1) but the papers make no effort to explain why *ex parte* relief should issue as is required by Rule 65(b).  Indeed, a summons has issued to notify Defendant of the lawsuit, and counsel for Defendant have already appeared.  There is at least some irony in lawsuit where a plaintiff complains of deprivation of property without notice but now seeking *ex parte* relief herself even when Defendant has already appeared.  The parties and the Court are generally better served when all sides are heard.  And nothing in the verified statements even attempt to explain why we can't follow that course here.  There is no reason why Defendant cannot have a reasonable opportunity to be heard on the motion.  The Court will consider the request for preliminary injunction after all parties have an opportunity to weigh in.

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECRF No. 7) is **DENIED** to the extent the motion seeks *ex parte* relief.

**IT IS FURTHERED ORDERED** that Defendant shall file a response to the request for preliminary relief no later than **June 24, 2025.**  Plaintiff may file a reply brief no later than **July 1, 2025.**  All other rules and deadlines, including those governing summons and answer, remain in effect.

Dated:   June 11, 2025                          /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     UNITED STATES DISTRICT JUDGE