IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Kathryn Sarkisian,<br><br>Plaintiff,<br><br>v.<br><br>City of the Village of Douglas, Michigan,<br><br>Defendant. | CIVIL ACTION NO.:<br>1:25-cv-00593-RJJ-SJB |

**JOINT STATUS REPORT**

The parties submit this Joint Status Report pursuant to the Court's Order Setting Scheduling Conference (ECF 11), as amended by the Court's Notice of Hearing (ECF 12).

An in-person Rule 16 Scheduling Conference is scheduled for September 30, 2025, before the Honorable Robert J. Jonker. Appearing for the parties as counsel will be Wesley Hottot and Thomas Lambert for Plaintiff, and Charles Bogren for Defendant.

(1) Jurisdiction: This Court's jurisdiction is based on 42 U.S.C. §§ 1331 and 1343 because this case raises federal questions and civil rights claims. There are no pendent state law claims.

(2) Jury or Non-Jury: Defendant demands the case be tried before a jury as trier of law and fact. Plaintiff requests a bench trial.

1

(3) Judicial Availability: The parties do not consent to have a United States Magistrate Judge conduct this case.

(4) Statement of the Case: This case involves a municipal ordinance allowing for permits to raise chickens on residential property, except when a neighbor objects. Here, a neighbor objected, and Plaintiff was ordered by Defendant to get rid of her chickens and given no right of appeal. Plaintiff contends the "neighbor's veto" provision and lack of an appeal pathway are a violation of her due process rights. She seeks a declaratory judgment and permanent injunctive relief.

Defendant's position is that Plaintiff was never granted a license to have chickens, and even if she was, she failed to renew her license as required by the ordinance. Plaintiff lacks standing to claim a protected property interest and to challenge the municipal ordinance or seek declaratory or injunctive relief.

(5) Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings no later than October 10, 2025.

(6) Disclosures and Exchanges:

> (i) Plaintiff made her Rule 26(a)(1) disclosures on September 12, 2025. Defendant will make its Rule 26(a)(1) disclosures no later than October 17, 2025.
>
> (ii) Rule 26(a)(2) disclosures are due:
>
>> Plaintiff: October 30, 2025
>>
>> Defendant: November 30, 2025.

(iii) Rule 26(a)(3) disclosures are due February 3, 2026.

(iv) The parties plan to exchange basic documents via initial disclosures, without the need for formal requests for production. The parties agree to make reasonable requests for basic documents no later than October 3, 2025. Plaintiff agrees to supplement her initial disclosures no later than October 17, 2025 with basic documents and Defendant agrees to produce such documents with its initial disclosures.

(v) Plaintiff disclosed her potential lay witnesses on September 12, 2025. Defendant will make its disclosures no later than October 17, 2025.

(7) Discovery: The parties will complete discovery by March 30, 2026. The parties do not expect complex, time-consuming, or contentious discovery and propose the following limitations:

For interrogatories under Rule 33(a): 15 single-part questions per side;

For lay-witness depositions under Rule 30(a)(2)(A): three depositions per side and five hours per witness.

For expert witness depositions under Rule 30(a)(2)(A): no limitation on number of depositions and seven hours per witness;

For entity depositions under Rule 30(b)(6): no limitation on number of depositions and seven hours per witness;

For requests for production: Rule 34 shall govern; and

For requests for admission: Rule 36 shall govern.

(8) Motions: The parties will file dispositive motions no later than April 30, 2026. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(9) Alternative Dispute Resolution: The parties ask to be exempted from alternative dispute resolution. This case concerns a municipal ordinance alleged to be unconstitutional. Alternative dispute resolution cannot resolve the constitutionality of the ordinance and the parties cannot negotiate a resolution of this dispute without a ruling on its constitutionality.

(10) Length of Trial:

The parties estimate that trial will last approximately three days, allocated as follows:

one day for jury selection;

one day for Plaintiff's case; and

one day for Defendant's case.

(11) Prospects of Settlement: The parties agree that settlement is not possible without a ruling on the constitutionality of the ordinance.

(12) Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic

filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must **file** documents electronically but **serve** pro se parties with paper documents in the traditional manner.

(13) Other: Not applicable.

DATED: September 23, 2025.　　　　　　　　Respectfully submitted,

| PACIFIC LEGAL FOUNDATION | PLUNKETT COONEY |
|---|---|
| /s/ *Wesley Hottot*<br>Wesley Hottot,<br>Wash. St. Bar No. 47539<br>Austin Waisanen,<br>Wyo. St. Bar No. 8-7023<br>3100 Clarendon Blvd, Suite 1000<br>Arlington, VA 22201<br>Telephone: (202) 888-6881<br>WHottot@pacificlegal.org<br>AWaisanen@pacificlegal.org | BY: /s/ *Charles L. Bogren*<br>Charles L. Bogren (P82824)<br>333 Bridge Street, N.W.,<br>　Suite 530<br>Grand Rapids, Michigan 49503<br>Telephone: (616) 752-4606<br>cbogren@plunkettcooney.com<br><br>*Attorney for Defendant* |

Christina M. Martin,
Fla. Bar No. 0100760
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
Telephone: (561) 691-5000
CMartin@pacificlegal.org

Thomas Joffre Lambert, Jr. P86348
Thomas J. Lambert, PLC
PO Box 144
Jamestown, Michigan 49427
Telephone: (616) 275-2976
tlambert@tjlplc.com

*Attorneys for Plaintiff*